IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reverend Franklin C. Reaves, Vastena Reaves and all others similarly situated, | ) ) ) | C/A No.: 4:09-816-TLW-SVH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| City of Mullins and its Fire Chief and Building Inspector Robert Stetson; County of Marion and its employees Danny Gardner, Dennis Floyd, Donald Bryant, Michael Crouch, and Layfayett Reed, | ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

I.  Introduction

Plaintiffs Franklin C. Reaves and Vastena Reaves, who are proceeding *pro se* in this action, assert numerous claims alleging numerous wrongs in relation to the alleged condemnation of property located in the City of Mullins, County of Marion, South Carolina. Plaintiffs sue defendants Marion County and its employees Danny Gardner, Dennis Floyd, Donald Bryant, Michael Crouch, and Layfayett Reed (the Marion Defendants), and defendants City of Mullins and its Fire Chief and Building Inspector Robert Stetson (the Mullins Defendants).

Before the court are the following motions: (1) the Marion Defendants' Motion to Compel [Entry #40]; (2) the Marion Defendants' Motion to Dispense with Mediation

[Entry #42]; (3) the Mullins Defendants' Motion to Dismiss [Entry #44]; (4) the Marion Defendants' Motion to Dismiss/Summary Judgment [Entry #45]; and (5) Plaintiffs' motion for Sanctions [Entry #59].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the motions to dismiss/summary judgment are dispositive motions, this Report and Recommendation is entered for review by the district judge.

II.    Factual and Procedural Background

Plaintiffs brought this action for damages pursuant to 42 U.S.C. § 1983 asserting that Defendants unlawfully searched and seized their private real and personal property located at North Smith Street in Mullins, South Carolina. Plaintiffs claim that their Fourth and Fourteenth Amendment rights were violated and seek actual and punitive damages against Defendants in their individual and official capacities.

This is the fourth lawsuit filed arising out of the Defendants' actions related to two properties on North Smith Street.  A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).  This court takes judicial notice of Plaintiffs' prior cases.

In 2007, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at 910 North Smith Street.  *See Reaves v.*

*City of Mullins*, No. 4:07-cv-3559-TLW-TER ("*Reaves I*"). In *Reaves I*, Plaintiffs asserted violations of their Fourth and Fourteenth Amendment rights, and other federal and state rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other provisions of federal and state law. By order dated August 21, 2009, the court accepted the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers III and granted summary judgment to Defendants as to all of Plaintiffs' federal claims and declined to exercise supplemental jurisdiction over the state claims. After judgment was entered, Plaintiffs moved for reconsideration, which the court denied. Plaintiffs filed no appeal.

Similarly, in 2007, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at 908 North Smith Street. *See Reaves v. City of Mullins*, No. 4:07-cv-1487-TLW-TER (hereinafter "*Reaves II*"). In *Reaves II*, Plaintiffs asserted violations of their Fourth and Fourteenth Amendment rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other provisions of law. By order dated March 9, 2010, the court accepted Judge Rogers' Report and Recommendation and granted summary judgment to Defendants as to all of Plaintiffs' claims. Plaintiffs filed an untimely motion for reconsideration on June 1, 2010, which is pending, along with the court's pending resolution of the Marion Defendants' motion for sanctions for Plaintiffs' failure to appear at their properly-noticed deposition.

In 2008, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at North Smith Street. *See Reaves v. Marion County*, No. 4:08-cv-1818-TLW-SVH (hereinafter "*Reaves III*"). In *Reaves III*, Plaintiffs asserted violations of their Fourth Amendment rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983. In a Report and Recommendation issued July 7, 2010, the undersigned determined that *res judicata* barred Plaintiffs' claims in *Reaves III* and recommended that Defendants be granted summary judgment as to all of the Plaintiffs' federal claims. (Report and Recommendation pp. 5–7).

In the instant case, Plaintiffs seek damages from the same political subdivisions—Marion County and City of Mullins—as those named in *Reaves I*, *Reaves II*, and *Reaves III*, arising from the same set of facts. Additionally, Plaintiffs name as defendants five employees of Marion County and the City of Mullins' Fire Chief and Building Inspector Robert Stetson. Defendants move for summary judgment on the grounds that Plaintiffs' claims are barred by the doctrine of *res judicata*, or alternatively, that the claims fail on their merits. The court issued Roseboro Orders on March 1, 2010, and February 25, 2010. Plaintiffs filed an opposition to the motions on April 5, 2010, and the Marion Defendants filed a reply on April 13, 2010. The motions are ripe for review.

III. Discussion

A. Standard of Review

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Although the court must construe the facts in a light most favorable to the non-moving party, an inference is only reasonable if it is plausible and the evidence is such that a reasonable jury, given the entire record, could draw that inference. *Id.*

B. Analysis

Defendants argue that the doctrine of *res judicata* bars Plaintiffs' claims in this action. Under *res judicata*, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). The doctrine of *res judicata* encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. *Id.* Claim preclusion provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of

every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Id.* (quoting *Nevada v. United States*, 463 U.S. 110, 129–30 (1983)).

Generally, for *res judicata* to bar a claim, three conditions must be met: (1) the prior judgment was final, on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the actions involved identical parties or their privies; and (3) the claims in the latter action are based upon the same causes of action asserted in the former action. *In re Varat*, 81 F.3d at 1315. It does not matter whether a party actually knew of a potential claim at the time of the prior litigation, "for it is the existence of the present claim, not party awareness of it, that controls." *Id.* at 1316.

Applying the foregoing elements results in a finding that *res judicata* bars Plaintiffs' claims as a matter of law. First, the judgments and orders of dismissal entered by this court in *Reaves I* and *Reaves II* are final and on the merits and determined that Defendants' actions did not constitute a violation of Plaintiffs' federal constitutional and civil rights.

Second, the identity of Plaintiffs and Defendants are collectively identical to those named in *Reaves I* and *Reaves II*. It is necessary that the prior and subsequent actions involve identical parties or their privies. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Privity "requires an alignment of interests and not an exact identity of parties." *Weinberger v. Tucker*, 510 F.3d 486, 492 (4th Cir. 2007). It "is a descriptive term

for designating those with a sufficiently close identity of interests." *Matter of L & S Industries, Inc.*, 989 F.2d 929, 932 (7th Cir. 1993). Marion County was named as a defendant in *Reaves I* and *Reaves II*. Defendants Gardner, Floyd, Bryant, Crouch, and Reed are being sued in this action in their capacities as Marion County employees for the same alleged wrongs as their employer, supervisor, and co-employees were sued in *Reaves I* and *Reaves II*. Their interests are, therefore, sufficiently aligned with the defendants in *Reaves I* and *Reaves II* such that Plaintiffs are precluded from litigating the same claims again.

Third, the claims presented in this action were, or should have been, presented and litigated in *Reaves I* and/or *Reaves II*. Here, Plaintiffs contend that Defendants unlawfully searched and seized their real and personal property located at North Smith Street, and they made identical allegations regarding alleged unlawful searches and seizures at 910 North Smith Street in *Reaves I* and 908 North Smith Street in *Reaves II*. Therefore, the same core of operative facts at issue here were raised and litigated in *Reaves I* and *Reaves II*.

Plaintiffs have already had their day in court regarding 908 and 910 North Smith Street and dismissal of this action is proper. The law is clear that a plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, No. 95-2485, 1996 WL 293181, 3 (4th Cir. June 4, 1996) (affirming award of summary judgment based on collateral estoppel and *res judicata*). As the issues in the complaint

*sub judice* regarding Plaintiffs' allegations of violations of their federal constitutional and statutory rights have been addressed in their prior two cases, this duplicate complaint should be dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

Independently, to the extent that Plaintiffs' claims are not barred by the doctrine of *res judicata*, Defendants are entitled to summary judgment for the reasons set forth in the prior Reports and Recommendations in *Reaves I* and *Reaves II*.

III. Conclusion

Accordingly, it is recommended that the District Court grant the Mullins Defendants' Motion to Dismiss/Summary Judgment [Entry #44] and grant the Marion Defendants' Motion to Dismiss [Entry #45], thereby dismissing Plaintiffs' complaint in the above-captioned case with prejudice.[1]

IT IS SO RECOMMENDED.

July 28, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] If the district judge accepts this recommendation, all other pending motions will be moot.