IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves, Vastena Reaves and all others similarly situated, ) ) ) | C.A. No. 4:09-816-TLW-SVH |
| Plaintiffs, ) ) | |
| vs. ) ) | ORDER |
| City of Mullins and its Fire Chief and Building Inspector Robert Stetson; County of Marion and its employees Danny Gardner, Dennis Floyd, Donald Bryant, Michael Crouch, and Layfayett Reed ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

By Order filed September 13, 2010, the undersigned accepted the July 28, 2010 Report and Recommendation filed by United States Magistrate Judge Shiva V. Hodges. (Doc.# 69). In doing so the Court granted the "Mullins defendants'" motion to dismiss/summary judgment; granted the "Marion defendants'" motion to dismiss; and dismissed plaintiffs' complaint in the above-captioned case with prejudice.[1] Judgment was entered in the case the same day. (Doc. # 70). Thereafter, on October 14, 2010, the plaintiffs filed a motion for reconsideration, which they indicate is made pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. # 74). The Mullins defendants filed a response in opposition to plaintiffs' motion for reconsideration on October 29, 2010. (Doc.

---

[1] The "Mullins defendants" include the City of Mullins and its Fire Chief and Building Inspector Robert Stetson. The "Marion defendants" include Marion County and its employees Danny Gardner, Dennis Floyd, Donald Bryant, Michael Crouch and Lafayett Reed.

1

# 76). The Marion defendants filed a response in opposition to plaintiffs' motion for reconsideration on November 1, 2010. (Doc. # 77).

Additionally, on November 10, 2010, plaintiffs filed a motion to disqualify the Magistrate Judge in this case and to have the case reassigned to an Article III District Judge. (Doc. # 78). The Mullins defendants filed a response in opposition to plaintiffs' disqualification motion on December 1, 2010. (Doc. # 81). The Marion defendants filed a response in opposition to plaintiffs' disqualification motion on December 2, 2010. (Doc. # 82). Plaintiffs filed a reply to these responses on December 16, 2010. (Doc. # 83). The Court will address these pending motions in turn.

In plaintiffs' motion for reconsideration, plaintiffs indicate that they do not believe that judgment has been entered in this case as required by Federal Rules of Civil Procedure 54 and 58.[2] Plaintiffs also assert that the magistrate judge should have had a hearing in this case and that the assignment of the magistrate judge in the case was improper as that there was no Order of Reference to the magistrate judge. Plaintiffs indicate that they did not receive notice of the magistrate judge's assignment to the case and seem to suggest that their consent to the magistrate judge's involvement was required. For these reasons, plaintiffs request a new trial. The defendants collectively oppose this motion.

As an initial matter, the Court notes that although plaintiffs request a new trial, the relief that would be available to them under Federal Rule of Civil Procedure 59 would be pursuant to Section 59(e). Rule 59(e) of the Federal Rules of Civil Procedure provides that:

---

[2]This ground is without merit. As noted previously, Judgment in this case was entered in this case on September 13, 2010. (Doc. # 70.)

2

>A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.[3]

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999).  Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995).  Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id.  Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)).  In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Based upon the undersigned's review of the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's September 13, 2010 Order in this case.  In particular, the plaintiffs fail to: show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice.  Therefore, to the extent that

---

[3] In addition to the Court's analysis on the merits of the plaintiffs' motion, the Court notes that plaintiffs' motion for reconsideration under Rule 59(e) appears to be untimely.

plaintiffs' motion to reconsider is made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure it is **DENIED**.  (Doc. # 74).

In addressing some of the specific issues raised in plaintiffs' motion to reconsider as well as plaintiffs' disqualification motion,[4] the Court finds the following statutory provisions to be noteworthy.

28 U.S.C. § 636(c) which reads in relevant part as follows:

**c)** Notwithstanding any provision of law to the contrary–

**(1)** Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. 636(c) does indicate that parties may consent to have a Magistrate Judge conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case.  However, there are other additional sections of 28 U.S.C. 636, as well as certain Local Civil Rules, which have been adopted in this District, and which apply in plaintiffs' case.

Pursuant to Title 28, United States Code, Section 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.  28 U.S.C. § 636(b)(1) reads in its entirety:

**(b)(1)** Notwithstanding any provision of law to the contrary--
**(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the

---

[4]Plaintiffs' disqualification motion is "base[d] on the ground that the Civil Docket in the instant case does not show that the United States District Court Article III district judge issued an Order of Reference designating the United States Magistrate Judge to conduct any proceedings in the instant case."

> pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> **(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Local Rule 73.02 entitled "Assignment of Duties to Magistrate Judges" provides in subsection (B)(2)(e) that all pre-trial proceedings involving litigation by individuals proceeding *pro se* are <u>automatically</u> referred to a full-time Magistrate Judge upon filing. Additionally, under the Federal Magistrates Act, specifically, 28 U.S.C. § 636(b)(1)(B), a district court may, without the parties' consent, designate a magistrate to consider a dispositive motion, such as a motion to dismiss or for summary judgment. After considering such a motion, a magistrate must submit "proposed findings of fact and recommendations for the disposition, by a judge of the court . . .." The Act permits a party who objects to the magistrate's proposals to file written objections. <u>Id</u>. at § 636(b)(1). If a party

5

objects, the district court shall make a de novo review of the specified proposed findings or recommendations objected to. Camby v. Davis, 718 F.2d 198 (4th Cir. 1983).

Regarding the plaintiffs' challenge to the lack of a separate order of reference, 28 U.S.C. § 636(b)(4) directs district courts to "establish rules pursuant to which the magistrates shall discharge their duties." To this end, the District Court of South Carolina enacted a standing rule, among others, that "[a]ll pretrial proceedings involving litigation by individuals proceeding pro se" are automatically assigned to a full-time magistrate judge. Local Civil Rule 73.02(B)(2)(e), D.S.C. Therefore under the standing rules issued by the United States District Court, District of South Carolina – an Article III court – this case was automatically assigned to the magistrate judge, and no further order of reference was required.

Additionally, the plaintiffs had notice that the pretrial proceedings in this matter were assigned to a U.S. magistrate judge as orders regarding pretrial matters had been issued by a U.S. magistrate judge (*see, e.g.,* Scheduling Order (Docket Entry #21)); as such, the Plaintiffs had actual notice that this case had, in fact, been assigned to a magistrate.

Finally, the mere fact that the U.S. Magistrate Judge did not hold a hearing prior to issuing a Report and Recommendation is irrelevant. Local Civil Rule 7.08 provides: "Hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

Based on the authority outlined above including the well-settled Fourth Circuit law, the relevant statutory authority, and the Local Civil Rules of the United States District Court for the District of South Carolina, this Court finds that this case was appropriately referred to and

administered by the magistrate judge. Accordingly, for the reasons cited above, plaintiffs' (1) motion for reconsideration (Doc. # 74) and (2) motion to disqualify the Magistrate Judge in this case and to have the case be reassigned to an Article III District Judge (Doc. # 78) are both **DENIED**.

The Court notes the defendants' respective requests for sanctions pursuant to Local Rule 7.09, D.S.C., based on their assertion that these are frivolous motions. After careful review and consideration, the Court declines to award sanctions against the plaintiff in this case at this time. However, the Court notes that in numerous other cases in which plaintiff is involved, he has filed similar motions challenging the assignment of "all pretrial proceedings involving litigation by individuals proceeding pro se" pursuant to Local Civil Rule 73.02 (b)(2)(E). See also 28 U.S.C. § 636. This Court has consistently denied these motions with a detailed analysis based on the existing statutory authority and procedure provided under this District's Local Civil Rules. The filing of these motions has generated legal expenses and costs for the opposing party. Plaintiff is hereby advised that the continued filing of such motions, absent a change in law or other supporting Fourth Circuit authority, may result in the Court ordering appropriate sanctions based on the lack of merit of such motions.

**IT IS SO ORDERED.**

                                        s/ Terry L. Wooten
                                        **TERRY L. WOOTEN**
                                        **UNITED STATES DISTRICT COURT JUDGE**

January 12, 2011
Florence, South Carolina